IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINALD W. DARLING,

    Petitioner,
v.                                                    CASE NO. 1:19-cv-149-AW-GRJ

SEC'Y, FLA. DEP'T OF
CORR.,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner, an inmate presently confined at Wakulla CI, initiated this case by filing ECF No. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. Petitioner challenges his May 4, 2001 Alachua County judgment of conviction for robbery with a deadly weapon in Case No. 00-CF-3513 and his August 14, 2001 judgment of conviction for three counts of robbery with a firearm and one count of possession of a firearm by a convicted felon in Case No. 00-CF-3519. ECF No. 1 at 1.

Petitioner admits on the petition form that he has previously filed a federal habeas petition challenging these judgments. *Id.* at 14. Indeed, Petitioner challenged both convictions in *Darling v. Crosby*, Case No. 1:04-cv-63-MP-AK, ECF No. 32 (N.D. Fla. Nov. 1, 2005) (denying/dismissing

with prejudice habeas corpus petition as untimely), ECF No. 40 (11th Cir. dismissing appeal for failure to prosecute). On August 31, 2015, the Eleventh Circuit Court of Appeals denied Petitioner's application for leave to file a second or successive petition. Case No. 1:04-cv-63-MP-AK, ECF No. 41.

Petitioner then challenged Case No. 00-CF-3513 in *Darling v. Smith*, Case No. 1:15-cv-119-MP-CJK, ECF No. 9 (N.D. Fla. Sept. 25, 2015) (dismissing petition for lack of jurisdiction as an unauthorized second or successive habeas corpus application). Petitioner challenged both convictions again in *Darling v. Florida*, Case No. 1:15-cv-167-MP-CJK, ECF No. 7 (N.D. Fla. Oct. 22, 2015) (dismissing for lack of jurisdiction as an unauthorized second or successive habeas corpus application).

To file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks

jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so. Petitioner's failure to obtain the requisite authorization operates as a jurisdictional bar and requires dismissal of this case.

Accordingly, it is respectfully **RECOMMENDED** that the petition pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** this 5th day of August 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.